**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CARLA ESTHER GUZMAN,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________/

Case No. 13-14327
Hon. Gerald E. Rosen
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on March 31, 2015

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

On January 27, 2015, Magistrate Judge Patricia T. Morris issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Carla Esther Guzman's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on February 10, 2015, and Defendant responded to these objections on February 12, 2015. The Court has now reviewed the R & R, Plaintiff's objections, Defendant's response, the parties' underlying summary judgment motions, and the remainder of the record. For the reasons stated below, the Court overrules Plaintiff's objections and adopts

the Magistrate Judge's R & R as the opinion of this Court.

As her first objection to the R & R, Plaintiff faults the Administrative Law Judge ("ALJ") for determining, at the second step of the familiar five-step sequential evaluative process, that only Plaintiff's mental impairments qualified as "severe," while purportedly "completely fail[ing] to address" and "never bother[ing] to consider" various physical conditions that, in Plaintiff's view, also should have been incorporated into the hypothetical questions posed by the ALJ to the vocational expert. (Plaintiff's Objections at 1-4.) As Defendant points out in response, however, Plaintiff did not raise or develop any such argument in her underlying summary judgment motion.[1] The Sixth Circuit has explained that "absent compelling reasons," a litigant may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Whittum v. Saginaw County*, No. 02-10313, 2005 WL 3271810, at *4 (E.D. Mich. Nov. 22, 2005) ("The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the

[1]Regarding her complaint of migraine headaches, for example, Plaintiff offered only a single conclusory statement in her underlying motion that the ALJ "fail[ed] to even address her chronic and debilitating migraines, and contrary to the evidence of record fail[ed] to view them even as a 'severe impairment.'" (Plaintiff's Motion for Summary Judgment, Br. in Support at 14.) This assertion was unaccompanied by any citation to the record, much less any effort to explain how the (unspecified) "evidence of record" established that Plaintiff's headaches rose to the level of a severe impairment. "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky,* 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted); *see also Deguise v. Comm'r of Social Security,* No. 12-10590, 2013 WL 1189967, at *7 (E.D. Mich. Feb. 19, 2013) ("[P]laintiff cannot simply make the claim that the ALJ erred . . . , while leaving it to the Court to scour the record to support this claim."), *adopted by* 2013 WL 1187291 (Mar. 22, 2013).

magistrate, then another past the district court." (internal quotation marks and citation omitted)). Accordingly, this argument has been waived and the Court declines to address it.

Plaintiff's remaining objections simply restate each of the arguments advanced in Plaintiff's underlying summary judgment motion and considered in the Magistrate Judge's R & R, and the Court sees no need to address these contentions at any length.[2] First, Plaintiff challenges the ALJ's determination that her mental impairments did not meet or medically equal Listing 12.04 of the Listing of Impairments. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. Yet, in her objections, as in her underlying summary judgment motion, Plaintiff fails to meet (or even acknowledge) her burden to present "specific medical findings that satisfy" the criteria set forth in paragraph "B" of Listing 12.04 or, alternatively, "medical evidence which describes how [Plaintiff's] impairment" medically equals the severity of the listed impairment. *Thacker v. Social Security*

[2]Plaintiff indicates in her present submission that she wishes to lodge a total of eight objections to the R & R. Many of these "objections," however, are more aptly characterized as (i) generalized critiques of the purported failure of the ALJ and the Magistrate Judge to comprehend the nature of Plaintiff's mental condition, which her counsel states is "a textbook case of bipolar illness," (Plaintiff's Objections at 6), (ii) attacks on the mode of analysis employed by the ALJ and/or Magistrate Judge, (*see, e.g.*, *id.* (complaining of the Magistrate Judge's "tendency to slant the facts of the case in a manner to support" the ALJ's decision)), or (iii) sweeping, grandiose assertions by counsel that, for example, Plaintiff's claim for benefits is supported by "our sense of reason as lawyers and fellow human beings," (*id.* at 10), or that the record here leads to "[t]he inescapable conclusion" that the ALJ's decision is unsupported by substantial evidence, such that it is "preposterous" that "we are continuing to fight about this issue," (*id.* at 13). Setting aside counsel's hyperbole and overheated rhetoric — a subject to which the Court returns below — the Court reads Plaintiff's current submission as reiterating the same three arguments raised in her underlying motion, and each of these three issues will be addressed in turn in the balance of this opinion.

*Administration*, No. 03-5667, 93 F. App'x 725, 728 (6th Cir. March 12, 2004); *see also Lusk v. Commissioner of Social Security*, No. 02-5879, 106 F. App'x 405, 411 (6th Cir. Aug. 6, 2004) (explaining that for a claimant to meet his burden at this step of the ALJ's five-part sequential inquiry, "he must present specific medical findings that his impairment meets the applicable [listing] or present medical evidence that describes how his impairment is equivalent to a listed impairment"). Rather, Plaintiff's effort to satisfy the paragraph "B" criteria of Listing 12.04 rests entirely on the testimony of Plaintiff herself and her mother regarding restrictions in Plaintiff's daily activities and her difficulties in social functioning. (*See* Plaintiff's Objections at 5; *see also* Plaintiff's Motion for Summary Judgment, Br. in Support at 19-20 (making only passing mention, without citation or specific reference, to the "medical evidence of record," and otherwise relying exclusively on the testimony of Plaintiff and her mother).) The Sixth Circuit has emphasized that a claimant's "own testimony regarding his symptoms [i]s insufficient to establish that he me[ets] the B criteria of one of the listed impairments." *Rabbers v. Commissioner of Social Security*, 582 F.3d 647, 660 n.9 (6th Cir. 2009).

Plaintiff next complains that the ALJ improperly weighed the opinion of consultative examiner Nathalie Menendes, Psy.D., by purportedly "accept[ing] everything that Dr. Menendes said that was normal" while "reject[ing] Dr. Menendes' professional psychological opinions regarding the disabling effect [of] Plaintiff's bipolar illness."

(Plaintiff's Objections at 8.)[3] As observed by the Magistrate Judge, however, the ALJ's determination of Plaintiff's residual functional capacity ("RFC") was "generally in accord" with the opinion of Dr. Menendes. (R & R at 18.) To the extent that it was not, the ALJ identified appropriate grounds for discounting certain of Dr. Menendes' findings — most notably, that these findings were inconsistent with Plaintiff's testimony at the administrative hearing and, indeed, with Plaintiff's own account to Dr. Menendes of her social functioning, interests, and daily activities, all of which were "certainly not indicative of an individual who is experiencing severely debilitating impairments." (Admin. Record at 21.) Accordingly, the ALJ's treatment of Dr. Menendes' opinion was fully consistent with the pertinent Social Security regulation, which provides that "the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion." 20 C.F.R. § 404.1527(c)(4).

---

[3]In support of this objection, and at various points elsewhere in her objections and in her underlying summary judgment motion, Plaintiff accuses the Magistrate Judge and the ALJ of a "wholesale misunderstanding of bipolar disorder." (Plaintiff's Objections at 8; *see also, e.g.*, Plaintiff's Motion for Summary Judgment, Br. in Support at 14, 17 (likewise asserting that the ALJ's "decision evidences a wholesale misunderstanding of what bipolar illness is" and opining that the ALJ "clearly hasn't a clue when it comes to Plaintiff's mania").) As the Defendant Commissioner aptly observes, however, a diagnosis of bipolar disorder does not, by itself, preclude work, nor is the ALJ's decision (or the Court's review) in this case guided by the characterizations of Plaintiff and her counsel as to how the record here purportedly is consistent with the manner in which bipolar disorder "*generally* affects people or Plaintiff's counsel's other clients." (Defendant's Motion for Summary Judgment, Br. in Support at 13 (emphasis in original).) Rather, the task of the ALJ was to review the record in ***this*** case to ascertain whether the severe mental impairments suffered by ***this*** Plaintiff were preclusive of employment, and it is now the task of this Court to determine whether substantial evidence supports the ALJ's determination on this point. Counsel's repeated disquisitions on the nature of bipolar disorder do not assist the Court in this effort.

Finally, Plaintiff takes issue with the ALJ's assessment of her credibility. Yet, as explained by the Magistrate Judge, such determinations regarding a claimant's credibility "rest with the ALJ" and may "be disturbed only for a compelling reason." (R & R at 15 (internal quotation marks and citations omitted).) Notably, the ALJ credited significant portions of Plaintiff's testimony, including her statement at the administrative hearing that she was her son's primary caregiver. (*See* Admin. Record at 21.)[4] To the extent that the ALJ declined to credit some of Plaintiff's testimony, the Magistrate Judge identified ample grounds in the record for this decision, and the Court concurs in the Magistrate Judge's conclusion that "the ALJ thoroughly considered the relevant factors in light of the record evidence" and that "his credibility findings are supported by substantial evidence." (R & R at 17-20.) While Plaintiff notes that there is evidence in the record that would have supported a different assessment of her credibility, it does not matter whether Plaintiff or this Court might agree with the ALJ's findings on this subject, or whether the Court might have evaluated Plaintiff's credibility differently upon *de novo* review of the evidence, so long as the ALJ's findings are "substantially supported in the record."

---

[4]As noted by Defendant, Plaintiff effectively seeks to impeach her own testimony on this point, asserting in her underlying motion that her testimony "paint[ed] an idyllic picture" of her relationship with her son "that has no basis in the reality that exists," and suggesting that the ALJ instead should have credited the testimony of Plaintiff's mother that she and her husband, rather than Plaintiff, handled the role of primary caregiver for Plaintiff's son. (*See* Plaintiff's Motion for Summary Judgment, Br. in Support at 4-5; *see also* Plaintiff's Objections at 10 (referring to the purportedly "uncontradicted testimony of Plaintiff's mother," notwithstanding Plaintiff's recognition in her underlying motion that the testimony of her and her mother conflicted on some points).) Plaintiff fails to suggest why the ALJ should have chosen to credit her mother's testimony over her own on this subject, nor does she attempt to reconcile this argument with her objection that the ALJ failed to identify suitable grounds for discounting her testimony.

*Rogers v. Commissioner of Social Security*, 486 F.3d 234, 241 (6th Cir. 2007). The Magistrate Judge concluded that they are, and the Court agrees.

Before leaving this matter, the Court finds it necessary to caution Plaintiff's counsel against crossing the line that separates zealous advocacy from unprofessional attacks on the reasoning and motives of adjudicators who fail to share counsel's view of the facts or the law. Counsel plainly holds strong views about the impact that bipolar disorder can have on one's quality of life and day-to-day functioning, and there is no mistaking his strong disagreement with the ALJ's findings in this case as to Plaintiff's ability to work despite her severe mental impairments. Yet, such firmly-held beliefs and desires to advance a client's cause cannot justify inflammatory and baseless accusations that the ALJ and the Magistrate Judge (i) have abdicated their duties, (*see, e.g.*, Plaintiff's Objections at 4, 7 (asserting that the ALJ "never bothered to consider" certain evidence, and that the Magistrate Judge "wholly ignore[d]" other evidence)), (ii) have allowed their "lay misimpressions" of mental illness to override a proper understanding of the nature of bipolar disorder, (*see, e.g.*, *id.* at 8-10 (suggesting that the Magistrate Judge has a "wholesale misunderstanding of bipolar disorder" and has "no idea what mania is," and likewise asserting that neither the ALJ nor the Magistrate Judge "seem to understand the mechanics of mania")), (iii) have reached "unjustified" and, indeed, "preposterous" conclusions about the record or the law, (*see id.* at 5, 6, 13), and (iv) worst of all, have engaged in purposeful manipulation of the record in order to reach a desired result, (*see id.* at 5, 6, 7, 8, 9 n.6, 12, 13 (accusing the Magistrate Judge of a "tendency to slant the

facts of the case in a manner to support" the ALJ's decision, of "attempt[ing] to minimize" certain evidence, of "attempt[ing] to collaterally impeach Plaintiff," and of engaging in "often strained[] efforts to provide a basis for affirmance" of the ALJ's decision, suggesting that the Magistrate Judge and the ALJ alike have "attempt[ed] to manipulate the evidence so as to justify" their decisions, complaining that "the ALJ's 'analysis' was outcome determinative [and] designed to support his denial decision," and asserting that the ALJ's and the Magistrate Judge's treatment of Dr. Menendes' report "smacks of intellectual disingenuity")).

Such overheated rhetoric and scurrilous attacks upon the reasoning and work product of the ALJ and the Magistrate Judge have no place in legitimate legal advocacy. To the contrary, counsel's conduct here is thoroughly unprofessional and, worse, counterproductive to the interests of his client. Moreover, it is expressly prohibited under the Civility Principles of this District, which dictate that Plaintiff's counsel must "speak and write civilly and respectfully in all communications with the Court" and conduct himself "at all times" with "dignity, decency and courtesy." Plaintiff's counsel is strongly admonished to bear these principles in mind in all future interactions with the Court. In addition, counsel is cautioned that his future submissions to the Court will be carefully monitored to ensure their compliance with the standards governing his professional performance, and that any transgressions will be met with sanctions and referred for possible disciplinary action.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's February 10, 2015 objections (docket #16) to the Magistrate Judge's Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's January 27, 2015 Report and Recommendation (docket #15) is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present opinion and order. Finally, IT IS FURTHER ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation and this opinion and order, that Plaintiff's June 12, 2014 motion for summary judgment (docket #11) is DENIED, and that Defendant's September 15, 2014 motion for summary judgment (docket #14) is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 31, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135